# BAKER DONELSON

NEIL E. DUKE  100 LIGHT STREET • BALTIMORE, MARYLAND 21202 • 410.685.1120 • bakerdonelson.com
Direct Dial: 410.862.1198
Direct Fax: 443.263.7598
E-Mail Address: nduke@bakerdonelson.com

May 6, 2019

**ELECTRONICALLY SERVED
AND FILED VIA CM/ECF**

The Honorable Deborah K. Chasanow
Judge, United States District Court for the District of Maryland
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:   *Borkowski, et al v. Baltimore County, Maryland, et. al.*
          Case Number: 1:18-cv-02809-DKC

Dear Judge Chasanow:

    This correspondence responds to the Court's Paperless Notice, dated May 6, 2019. Doc. No. 58. To recap, I submitted a letter to chambers earlier today, on behalf of the Baltimore County Defendants, wherein I advised that a discovery-related issue had surfaced. Doc. No. 57. In responding to my letter, you noted that a Scheduling Order had not been entered governing discovery efforts (presumably, such that a discovery dispute would be at stake), but encouraged the submission of an outline regarding the issue(s). With that preface, this Court's attention is drawn to the fact that, for all intents and purposes, Plaintiffs are currently apparently engaged in the discovery process, despite the absence of a Scheduling Order. The means by which the Plaintiffs are engaged in that effort is through the use of voluminous and excessive Public Information Act requests, which have been directed to my clients since the filing of the lawsuit. Notably, those requests were sent without my inclusion in those communications. Here is an outline of the points for discussion.

    First, as the Court correctly notes, under Local Rule 103.9, this Court may issue a Scheduling Order.

    Second, Local Rule 104.4 instructs that, "[u]nless otherwise ordered by the Court . . . discovery shall not commence and disclosures need not be made until a scheduling order is entered."

    Third, Plaintiffs' original lawsuit was filed on September 10, 2018. Since the filing of that pleading, Plaintiffs have served roughly sixty (60) document production requests under the guise of the Maryland Public Information Act. The vast majority of those requests were in the month of March 2019, during the time period in which the parties were filing their respective motions with this Court. Without question, the Plaintiffs' document production requests all relate to the subject matter of the pending civil action. Defendants are fully prepared to cite multiple samples of Plaintiffs' requests as evidence this fact.

4821-5610-5110v1
2946788-000001 05/06/2019

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MARYLAND • MISSISSIPPI • SOUTH CAROLINA • TENNESSEE • TEXAS • VIRGINIA • WASHINGTON, D.C.

Fourth, on April 11, 2019, correspondence was sent to Plaintiffs, through their counsel, "respectfully requesting that [Plaintiffs] cease from issuing any further document production requests . . . and that any action on Plaintiffs' pending requests be suspended until the appropriate time for discovery disclosures." In that letter, Plaintiffs were further advised as follows:

> the stated aim of the Maryland Public Information Act is to afford all persons access to information about the affairs of government, and the official acts of public officials and employees. *See* Md. Ann. Code, Gen. Prov., §4-103(a). The primary purpose of the Act is not to benefit private litigants, or serve as a substitute for civil discovery. *See e.g., Baldrige v. Shapiro*, 455 U.S. 345 (1982); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974). (under analogous circumstances). As made obvious by the information sought, the document production requests sent to my client are clearly for the purpose of advancing the Plaintiffs' litigation efforts, rather than the activity of a private citizen attempting to inform him/herself of government affairs. As such, the Act is not well-served under these circumstances; namely, through Plaintiffs' fifty (50) PIA requests in the span of the last one and a half months.

Fifth, with respect to pubic information act requests, the prevailing statute (Md. Ann., Code, Gen. Prov. §4-301(a)(2)(iv)), does not allow inspection where it would be contrary to "an order of a court of record." To that end, this District's Local Rules are considered standing orders of the Court. *See, e.g., First Penn-Pacific Life Ins. Co. v. William R. Edwards, Ctd.*, 659 F. Supp. 2d 727, 730 (D. Md. 2009).

Sixth, pursuant to Local Rule 104.7, Defendants have diligently sought to confer with Plaintiffs in hopes of amicably resolving this discovery-related issue. To wit, in addition to the above April 11th letter, separate formal communications were also sent to Plaintiffs on April 22nd and 29th. However, to date, Plaintiffs have not fully responded to the substgance of those letters.

In sum, Defendants take exception to Plaintiffs' end-around of the normal discovery process, and request an audience with the Court to discuss a resolution to the issue. As always, thank you for your time and attention to this matter.

Respectfully,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Neil E. Duke, Shareholder

NED:cld
cc: All Counsel of Record (via CM/ECF)