# BALDWINLAW LLC

111 South Calvert Street
Suite 1805
Baltimore, Maryland 21202
Telephone: (410) 385-5695
www.baldwinlawllc.com

Rignal W. Baldwin V
rbaldwinv@baldwinlawllc.com

ANNAPOLIS
156 South Street
Annapolis, Maryland 21401
Telephone: (410) 385-5695

May 7, 2019

**VIA CM/ECF**
The Honorable Deborah K. Chasanow
United States District Court for the District of Maryland
U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re: *Borkowski, et al. v. Baltimore County, Maryland, et al.*
     Case No.: 1:18-cv-02809-DKC

Dear Judge Chasanow,

    I write in response to the Court's request for an outline of the issues raised by Mr. Duke's letter to chambers, and Mr. Duke's response to that request.

    The Baltimore County defendants ("Defendants") assert that Plaintiffs are "currently engaged in the discovery process" in contravention of the Local Rules, and that Plaintiffs' public records requests raise a "discovery-related issue." There is no violation of the Local Rules and no discovery has taken place. Defendants confuse pubic records, available as a matter of right, with the private information only available through discovery.

Background

    Plaintiffs (and others) have made public records requests to local and State government agencies pursuant to the Maryland Public Information Act ("MPIA"). Md. Code Ann., Gen. Prov. § 4-101, *et seq.* The MPIA provides that "[a]ll persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees." Md. Code Ann., Gen. Prov. § 4-103(a). The MPIA requires that it be "construed in favor of allowing inspection of a public record, with the least cost and least delay." Md. Code Ann., Gen. Prov. § 4-103(b).

Plaintiffs never made "document production requests" and there is no "end run" around discovery. The right to public information exists outside of civil discovery in pending litigation. "Inspection or copying of a public record may be denied only to the extent provided under [the MPIA]" Md. Code Ann. Gen. Prov. § 4-201; *Hammen v. Baltimore County Police Dept.*, 373 Md. 440, 456 (2003) (noting the distinction between "statutorily guaranteed access to 'public records'" and the "private information" sought through civil discovery). Defendants acknowledge that the requested documents are public records.

Defendants argue that the public records sought are undisclosable only to Plaintiffs. That is, anyone else would have the right to inspect the public records, but not Plaintiffs or their attorneys. That is not how the MPIA works. To the contrary, the MPIA specifically prohibits the denial of inspection of records based on the identity of the applicant. Md. Code Ann., Gen. Prov. § 4-204.[1] Plaintiffs did not give up their right to inspect public records when suit was filed against Baltimore County, and none of the cases Defendants cited supports that assertion.

## Cases Cited by Defendants

Defendants have cited three United States Supreme Court cases for the proposition that Plaintiffs' public records requests, made pursuant to the MPIA, are barred during a lawsuit.

None of the cases cited deal with the MPIA, nor do any of them support Defendants' position by analogy. *Baldrige v. Shapiro*, 455 U.S. 345 (1982) was a case that involved a Freedom of Information Act ("FOIA") request for raw census data. The information sought fell under a statutory exception that prohibited its disclosure and an implicit privilege that kept the information from civil discovery. *Id.* at 359. The court distinguished between public records (available to all) and information subject to discovery (available to a litigant who demonstrates a need). *Id.* at 360. *Baldrige* undermines, rather than supports, Defendants' position.

In *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, (1975), the Supreme Court held that the relevant exemption to disclosure under FOIA "exempts those documents, and only those documents, normally privileged in the civil discovery context." *Id.* at 149. Baltimore County has previously withheld records by asserting privilege, as permitted by the MPIA, but there has been no assertion of privilege by Defendants.

The third case Defendants cite, *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) deals with the federal district court' injunctive powers pursuant to

---

[1] Plaintiff Anna Borkowski has filed a lawsuit in Circuit Court for Baltimore County as provided for by the MPIA.

FOIA and exhaustion of remedies. *Id.* at 20. It has nothing to do with Plaintiffs requests for public records.

All three cases appear in a footnote in *Baldrige*, where the court notes that the purpose of FOIA is not to serve the private litigant or further discovery. *Baldrige v. Shapiro*, 455 U.S. 345, 360 n14 (1982). Indeed, the purpose of FOIA is much broader, "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *N. L. R. B. v. Sears, Roebuck & Co.*, at 136.

In a case addressing the issues raised by Defendants, the Maryland Court of Appeals held that public records from a government entity are distinct from the private information available through civil discovery. *Hammen v. Baltimore County Police Dept.*, 373 Md. 440, 456 (2003) (noting the distinction between "statutorily guaranteed access to 'public records'" and the "private information" sought through civil discovery.).

The MPIA is a state law that deals with public records created by state entities. If a custodian has a compelling reason to withhold public records, the MPIA provides a remedy. Md. Code Ann., Gen. Prov. § 4-358(b)(1). Defendants ignored the remedy and purport to create a discovery dispute involving activities separate and distinct from discovery. If there is an "end run," it is that Baltimore County is attempting to reframe a MPIA issue as a discovery dispute in federal court. *See, e.g., Hargrave v. PG County Circuit Court*, CIV.A. L-11-223, 2011 WL 9699096, at *1 (D. Md. Feb. 24, 2011), *aff'd sub nom. Hargrave v. P.G. County Circuit Court*, 441 Fed. Appx. 977 (4th Cir. 2011) ("Whether the . . . County Attorney acted properly in withholding the material . . . sought under the MPIA is the issue before the Circuit Court and, pending resolution of that action, will not be examined here."). *Jackson v. Hagerstown Task Force*, CIV. WDQ-10-0182, 2010 WL 4286087, at *3 (D. Md. Oct. 29, 2010) ("relief under Maryland's Public Information Act" must be pursued "in the appropriate state forum"), *Cofield v. Hogan*, CV CCB-16-3037, 2018 WL 1535493, at *9 (D. Md. Mar. 27, 2018) (MPIA claim did "not implicate federal law and will not be considered.").

The bottom line is that defendants cannot use pending litigation to preclude the right of an individual to request public records in accordance with the Maryland Public Information Act. Md. Code Ann. Gen. Prov. §4-103(a). If Defendants believe there is a viable basis to do so, the only available remedy is provided for in the statute. *Id* at §4-201. Defendants have failed to seek such a remedy, and instead, seek the intervention of a forum that lacks jurisdiction over the issue.

<u>No Local Rule Violation</u>

Plaintiffs' counsel has corresponded with Defendants' counsel and even offered to meet and confer so that he could file a motion for a protective order – the appropriate response to disallowed discovery. Exhibit 1. Counsel for Defendants called undersigned

Counsel, but there was no meeting or conference. There was no violation of Local Rule 104 because there is no discovery dispute, and even if there were, Defendants declined the offer to meet and confer.

Sincerely,

*Rignal W. Baldwin V*

Rignal W. Baldwin V

RBV/amh