```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

ANNA BORKOWSKI, et al.    :

    v.    :    Civil Action No. DKC 18-2809

BALTIMORE COUNTY, MARYLAND,    :
et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights class action is the motion to enlarge time to file the third amended complaint filed by Plaintiffs Anna Borkowski, Katelyn Frank, Marcella Fegler, Annemarie Hendler, and Kaila Noland ("named Plaintiffs"), on their own behalf and on behalf of those similarly situated ("class Plaintiffs").  (ECF No. 69). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for an extension of time will be granted.

**I.  Background**

The factual and procedural background of this case is laid out in the Memorandum Opinion dated September 30, 2019. (ECF No. 67).  On September 30, 2019, the court granted Defendants' motions to dismiss the second amended complaint without prejudice and permitted Plaintiffs to file a third amended

complaint within 21 days – by October 21, 2019. (ECF No. 69). Plaintiffs filed the presently pending motion for an enlargement of time on October 7, 2019. (ECF No. 69). Defendants Freeman Hrabrowski, Paul Dillon, Mark Sparks, the University System of Maryland's Board of Regents, the University of Maryland Baltimore County ("UMBC" or the "University"), and the UMBC Police Department (collectively, the "University Defendants") objected to Plaintiffs' motion, (ECF No. 71), and Plaintiffs replied, (ECF No. 72).

Plaintiffs' motion requests an extension from October 21, 2019 to December 3, 2019 to file the third amended complaint. (ECF No. 69). Plaintiffs argue that "[a]mendment requires the integration of significant new information to address the pleading issues[.]" (*Id.*, at 1 ¶ 2). Plaintiffs highlight the complex nature of the case and counsel's other upcoming obligations. (*Id.*, at 2 ¶¶ 5-6). Finally, Plaintiffs emphasize that they "have never objected to an extension request in this case, including the two made by counsel for UMBC." (*Id.*, at 3 ¶ 8).

The University Defendants oppose Plaintiffs' motion and emphasize that "this case has been pending for over a year, and Plaintiffs have already submitted three versions of their [c]omplaint without objection[.]" (ECF No. 71, at 3 ¶ 2). They note that Plaintiffs' extension request amounts to "three times

the period initially granted. . . to file a more 'focused, modest' complaint[.]" (*Id.*, at 1). They argue the six-week extension of time is "unwarranted and prejudicial" to them, especially the individual defendants. (*Id.*, at 1–2). They are concerned by Plaintiffs' statement that they need to integrate new information, arguing "[t]he implication is that Plaintiffs are looking to add to the complaint and presumably maintain claims against all previously named defendants, rather than streamline it and drop meritless claims against several of the defendants[.]" (*Id.* at 3 ¶ 3). They also note that Plaintiffs' counsel's upcoming obligations end in mid-October and argue "Plaintiffs have failed to explain why they need until December 3, 2019 to produce a modest, focused complaint, especially in light of the fact that this case has been pending for over a year, the factual issues and allegations are not new, Plaintiffs have been advised of the deficiencies in their allegations for months, and several of the claims are unsalvageable." (*Id.* at 4 ¶ 4).

Plaintiffs' reply draws a distinction between the resources of the Attorney General's Office and the resources of their small law firm and highlights the University Defendants' earlier requests for extensions. (ECF No. 72, at 2). They note that while their upcoming obligations end in mid-October, the

subsequent time is "still filled with a typical volume and the Thanksgiving holidays." (*Id.*).

**II. Analysis**

The court may grant a party's motion for an extension of time "for good cause[.]" Fed.R.Civ.P. 6(b)(1). "Good cause" "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D.Md. 1999) (citation and quotation marks omitted).

The University Defendants agree that Plaintiffs' counsel's scheduling conflicts support a reasonable extension of time. (ECF No. 71, at 1; *id.*, at 3 ¶ 4). Plaintiffs and the University Defendants disagree about what amount of time is reasonable. Plaintiffs' point to the case's complexity and the need to integrate "significant new information[.]" (ECF No. 69, at 1). These reasons trouble the University Defendants, who argue several of Plaintiffs' "claims cannot be salvaged," and the remaining claims must be more focused, modest, and streamlined. (ECF No. 71, at 3 ¶ 3). The University Defendants miss the mark by arguing that Plaintiffs should require less time to focus and streamline the complaint. Writing clearly and concisely often requires more, not less, time. Plaintiffs are cautioned, however, to heed the decisions and the tone of the court's memorandum opinion and order. The University Defendants

4

also argue that the extension is "unwarranted and prejudicial to [them], especially the individual defendants, who have been unfairly subjected to baseless allegations for over a year." (ECF No. 71, at 1-2). On balance, the prejudice to the University Defendants does not overcome Plaintiffs' request.

### III. Conclusion

For the foregoing reasons, the motion to enlarge time to file the third amended complaint filed by Plaintiffs will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge