UNITED STATES DISTRICT COURT
DISTRICT COURT OF MARYLAND

**DEBORAH K. CHASANOW**  
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane  
Greenbelt, MD 20770  
(301) 344-0634

August 2, 2022

TO:   Counsel

RE:   Anna Borkowski v. Baltimore County, Maryland, et al.
      Civil Action No. DKC 18-2809

Dear Counsel:

As promised, I am providing the list of cases that I found helpful in thinking about the jury instructions, and a basic framework for the retaliation claim.

*U.S. v. Alvarez*, 567 U.S. 709 (2012)

*Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977)

*Martin v. Duffy*, 977 F.3d 294 (4th Cir. 2020)

*Greenwich Citizens Committee, Inc. v. Counties of Warren and Washington Industrial Development Agency*, 77 F.3d 26 (2d Cir. 1996)

*Garcia v. City of New Hope*, 984 F.3d 655, 669-70 (8th Cir. 2021)

*Cruise-Gulyas v. Minard*, 918 F.3d 494, 497-98 (6th Cir. 2019)

*Penley v. McDowell County Board of Education*, 876 F.3d 646, 654, 657 (4th Cir. 2017)

In order to prove her claim, Ms. Borkowski must establish by a preponderance of the evidence each of the following elements:

    A.   That Ms. Borkowski engaged in conduct that was protected by the First Amendment;

    B.   That, following that conduct, a Defendant took an adverse action against her; and,

    C.   That intent to retaliate was a motivating factor for that Defendant's decision to take adverse action.

The first element, conduct protected by the First Amendment, includes appearing before a District Court Commissioner and providing sworn testimony in support of seeking criminal charges.

The second element, adverse action, is action that would tend to discourage a reasonable person's exercise of First Amendment rights.

The third element of Plaintiff's claim is that intent or motive to punish her for exercising her First Amendment right was a motivating factor in the Defendant's decision to take adverse action against her.  A motivating factor is one that plays a substantial or important part in the decision.  It need not be the only factor.  A defendant may have taken action for many reasons.  But if one of those reasons was intent to punish Plaintiff for exercising First Amendment rights, and if that reason played a substantial part in the Defendant's decision to take action against Plaintiff, then Plaintiff has satisfied the third element.

Even if Plaintiff has proven that intent to punish her for exercising a First Amendment right was a motivating factor in the Defendant's decision to take adverse action against her, the Defendant can escape liability if he or she can prove, by a preponderance of the evidence, that he or she would have made the same decision to take the action even without any intent to punish Plaintiff.

    Very truly yours,

    /s/

    DEBORAH K. CHASANOW
    United States District Judge